UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RICHARD ROMANO

       Plaintiff,
vs.

NCL (Bahamas) Ltd.,
A Bermuda Company,
d/b/a NORWEGIAN CRUISE LINES, INC.

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **RICHARD ROMANO**, by and through undersigned counsel, and sues the Defendant NCL (Bahamas) LTD., d/b/a NORWEGIAN CRUISE LINES, INC. (hereinafter NCL) and further states as follows:

## GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1332 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant. The cause of action is in excess of $75,000.00. There is diversity of citizenship. Plaintiff is a citizen and resident of the state of New Hampshire. This is also a maritime cause of action and federal jurisdiction also exists pursuant to 28 U.S.C. 1333.

2. Defendant NCL is, upon information, a foreign corporation, which is licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade County, Florida.

3. Plaintiff has complied with all conditions precedent to filing this suit.

4. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

## FACTS COMMON TO ALL COUNTS

5. At all times material, Plaintiff was a fare-paying *sui juris* passenger aboard the BREAKAWAY, a cruise ship which was owned and/or operated by Defendant NCL.

6. On or about May 10, 2022, NCL promoted, vouched for, recommended and sold Plaintiff a shore excursion at Amber Cove Damajagua Falls in the Dominican Republic as part of Plaintiff's cruise with NCL.

7. NCL marketed the tour to Plaintiff through its website, print material, onboard television programming and onboard announcements.

8. Plaintiff purchased the tour with the understanding that NCL was operating the tour.

9. The fee for the tour was charged to Plaintiff and collected from Plaintiff by NCL.

10. Based on the information and documents provided by NCL and the fact that he was purchasing the tour from NCL, Plaintiff believed that NCL had contracted with him to provide the excursion and that NCL was the operator of the excursion, and/or the excursion was being provided by an agent or partner or service provider hired by NCL and nowhere did NCL advise the Plaintiff that circumstances were otherwise or that well-recognized industry-wide safety standards would not govern.

11. Plaintiff would not have participated in the subject tour excursion had he known the excursion tour was not operated by NCL and/or operated by an NCL service provider adhering to well-recognized safety standards.

12. The date of this incident is May 10, 2022.

13. The subject Amber Cove tour in fact was operated by an independent contractor called Chukka Caribbean Adventures which was selected, hired and retained by Defendant NCL. The tour operator and NCL shared in the revenue generated from NCL selling this tour to its passengers like Plaintiff, with NCL receiving the lion's share of the money.

14. The Amber Cove tour involves passengers negotiating and navigating through a series of waterfall slides and pools in the jungle in the Dominican Republic.

15. Plaintiff and his wife departed the BREAKWAY and were transported with forty or fifty other cruise passengers from the pier where BREAKWAY was docked to a base station where they would start a trek to the waterfalls. They were given life vests and helmets to wear on the excursion. They were told to make sure they grabbed the life vest when going down the waterfall slides by crossing their arms to keep their elbows safe from hitting the sides of the waterfall slides which were natural rock.

16. Shortly thereafter, the Plaintiff and others left the base station and started the trek to the waterfalls. It was not clearly explained that this would be a two-mile hike uphill. Once at the summit, the group continued down steep steps until they reached the first of seven waterfalls for either jumping into the pools below, or using the natural waterslides hewn from the rock walls.

17. The first stop was a "jump only" spot where the Plaintiff had the option to jump the ten feet below to the pool below or take the "chicken walk" and get into the water at the water's edge. Plaintiff jumped into this pool.

18. Next, Plaintiff navigated through some rock walls following the path of the water to the next one which was a slide only spot, which Plaintiff went through without issue. He then continued through a few more waterfalls and slides until he reached the sixth set of falls. This was either a jump or a slide waterfall. Plaintiff chose to slide down and did so without incident.

19. As Plaintiff was getting ready to go down the last natural slide, he observed a tour guide named "Bernie" do a double flip from the platform behind him and land in the pool. He exited the pool and took over at the top of the waterslide just after Plaintiff's wife was released down the slide.

20. Plaintiff sat down at the edge of the waterslide and grabbed his vest while criss-crossing his arms as he had been instructed to do. Plaintiff was ready to go down the water slide

when Bernie grabbed the Plaintiff and pulled him back, then twisted him and pushed him up the side of the natural waterslide.

21. Plaintiff had his arms and hands tucked in as instructed. He then rode up the left side wall of the slide due to the twisting push from Bernie, then careened over to the right side of the wall where his right elbow impacted a rock causing a large gash in his elbow and severe pain throughout his arm and shoulder.

22. This tour is an inherently dangerous activity that carries with it a risk of serious bodily harm and death, if not performed safely and properly.

23. Because this waterfall tour posed a foreseeable risk of serious bodily injury if not operated safely and properly, NCL owed the Plaintiff a duty to thoroughly investigate the tour and the operation of the tour and not just make a generalized inquiry into the tour operator's business reputation.

24. Ports of call while on a cruise are an essential part of the cruise experience. One of the ports of call on the cruise on which Plaintiff was injured included the Dominican Republic where Plaintiff was expected to visit and go on the tour that was sold to him by Defendant.

25. NCL had actual knowledge through its sale of the Damajagua Falls tour to Plaintiff that Plaintiff would be visiting the Dominican Republic as part of its cruise itinerary.

26. Notwithstanding the foregoing facts as alleged in paragraphs 13-21 above, before selling the tour to Plaintiff, NCL failed to a) properly investigate the operation of the tour in regard to the hiring and/or training given to the tour operator(s); b) failed to properly investigate the tour in regard to the potential dangers of the tour. In the alternative, NCL knew about some or all of these deficiencies and still retained Chukka Caribbean Adventures to sell this excursion to Plaintiff.

27. NCL knew or should have known through the exercise of reasonable care in the circumstances of hiring and investigating the tour operator that a) the tour operator failed to properly train the guides on the tour; b) the tour operator failed to supervise the guides.

28. Although Plaintiff did everything as he was instructed to do to prevent an injury on the tour, he was nevertheless seriously and permanently injured due the negligence and/or reckless actions of the tour guide named "Bernie" and of the tour operator in consequence as hereinbefore alleged.

## COUNT I-BREACH OF NON-DELEGABLE DUTY

29. Plaintiff realleges and reavers paragraphs 1-28 as if set forth herein.

30. NCL contractually offered to provide an excursion to Plaintiff to participate in an NCL excursion. Plaintiff accepted that contractual offer and provided consideration to NCL by purchasing the excursion from NCL.

31. By promoting, vouching for, contracting with and profiting from the excursion ticket contract, NCL owed Plaintiff the non-delegable contractual duty to provide him with a reasonably safe excursion, *Witover v Celebrity Cruises, Inc.*, 2016 WL 661065 (S.D. Fla. 2016).

32. Furthermore, NCL and Plaintiff orally modified the excursion contract based on NCL's promises that it's contracted-for excursions utilized the best local providers at every port of call and by NCL vouching for the safety record of the party with whom it had contracted (Chukka Caribbean Adventures).

33. NCL breached its non-delegable duty or tort duty to provide a reasonably safe excursion by committing one or more of the following acts:

    a. By failing to select a reasonably safe in the circumstances tour operator;

    b. By failing to provide reasonably safe conditions for Plaintiff on an excursion with reasonably trained tour guides;

  c. By failing to implement a system of tracking prior similar incidents and other incidents on the subject excursion or other excursions with subject operators so that reasonable steps could be taken to understand injuries on shore excursions and implement reasonable protocols, policies and procedures to prevent the number of incidents and resulting injuries to passengers;

  d. By failing to implement and enforce rules that are reasonable in the circumstances governing the operation of excursions by shore excursion operators;

  e. Failing to adhere to its advertised material representations with regard to the care and safety of passengers aboard its vessels during excursions offered by NCL found within various sources of information provided to prospective passengers including, but not limited to literature and NCL's website;

  f. Failing to fulfill their representations made in their literature, on-line and otherwise about the safety during its excursions;

  g. Failing to make, create and maintain a safe environment for passengers as advertised; and/or

34. With regard to the alleged unsafe, dangerous or defective condition(s), policy(ies) or procedure(s), NCL:

  a. Knew of the foregoing conditions, policies or procedures in advance of the subject incident, but did not correct or warn of such, or

  b. The foregoing conditions, policies or procedure existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have known of such, but did not correct or warn of them, or

    c. Insofar as relates to the foregoing conditions, policies or procedures not created by the Defendant, Defendant's knowledge was or should have been acquired through (i) prior similar incident(s) and/or (ii) through its maintenance, inspection and/or observation(s) of the aforesaid conditions, policy(ies) or procedure(s) through shipboard personnel present at times leading up to and/or at the time of the subject incident or who otherwise were charged with such duties and/or (iii) through implementation of policies and/or procedures intended to prevent creation of such, but did not correct or warn of them, or

    d. Insofar as relates to the foregoing conditions, policies or procedures created by the Defendant, by or through a person or entity acting for or on its behalf, knowledge or notice on the part of the Defendant is obviated because Defendant is indirectly / vicariously liable.

35. As a result of NCL's contractual and/or tortious breach of its non-delegable duty to provide a safe excursion, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

36. NCL is at fault for causing the above injuries and is liable to Plaintiff for the above described damages which are continuing and/or permanent in nature.

WHEREFORE, the Plaintiff respectfully demands judgment against NCL for all damages which are recoverable under the General Maritime Law and any and all other damages or relief which the Court deems just or appropriate or may be available by virtue of these proceedings, including trial by jury.

**COUNT II-NEGLIGENCE**
**APPARENT AGENCY OR AGENCY BY ESTOPPEL**

37. Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fu11y herein.

38. NCL held out the owners and/or operators of the waterfall tour as its apparent agent. NCL represented to its cruise passengers, including but not limited to Plaintiff that the operator of the waterfall tour was acting for the benefit of NCL. Included among these representations, were the following:

   a. From the moment that Plaintiff purchased his cruise ticket, NCL bombarded its passengers with a series of internet, brochures and other media, all of which advertise the availability and safety of various NCL excursions, which were presented as an integral part of the "cruise ship experience." These excursions were marketed as excursions which were not independent of NCL, and which were distinguished from other, allegedly less safe excursions, which were not NCL excursions; and/or,

   b. NCL marketed the subject excursion on its website; and/or,

   c. NCL maintained a shore excursion desk manned by crew members on BREAKAWAY which promoted, advertised, explained, coordinated and supervised its excursions, including the subject waterfall excursion;

   d. Chukka Caribbean Adventures was not identified as the owner/operator of the waterfall excursion at any time when it was being marketed by NCL and purchased by its passengers, including Plaintiff herein;

      e. The excursions, including the subject waterfall excursion, were paid for by passengers by charging them to the passengers' onboard account or through the passenger's account maintained with the cruise line website;

39. As a result of these numerous and pervasive representations, Plaintiff had a reasonable belief that the operator of the waterfall tour had the authority to act for the benefit of NCL. Plaintiff detrimentally relied upon these representations by purchasing the excursion experience and would not have purchased this excursion if he had not believed that the operator was NCL'S agent. Plaintiff reasonably acted upon such beliefs in purchasing the NCL excursion because any contrary or conflicting representations were hidden deep in fine print on the NCL website in what appears to be a purposeful attempt to hide them. Plaintiff so relied to his detriment, purchasing the excursion resulting in his injury.

40. At all material times, NCL is estopped from denying that Chukka Caribbean Adventures was its agent or employee.

41. NCL is therefore legally responsible for the foregoing acts of negligence of Chukka Caribbean Adventures previously alleged, including all subparts, which were a direct and proximate cause of the injuries of Plaintiff.

42. As a direct and proximate result of the aforementioned carelessness and negligence of NCL, Plaintiff sustained the serious, catastrophic and permanent injuries and damages set forth herein.

43. As a direct and proximate result of the aforesaid negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiffs injuries are permanent and all or some of his damages will continue into the future.

WHEREFORE, Plaintiff demands judgment against NCL for all compensatory damages suffered as a result of the of the company's negligence together with all taxable court costs and pre and post judgment interest.

### COUNT III
### NEGLIGENT SELECTION AND HIRING
### OF EXCURSION TOUR OPERATOR

44. Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

45. NCL owed Plaintiff a duty of reasonable care in the circumstances.

46. This duty required Defendant to investigate the tour operator before selecting and hiring the tour operator to guide Plaintiff and other passengers down a series of waterfalls and, having performed a thorough investigation, not to retain or hire an independent contractor whose methods of operation were reasonably foreseeable to cause harm to NCL'S passengers such as Plaintiff herein.

47. At all times material, Plaintiff used reasonable care for his own safety.

48. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty to Plaintiff by a) failing to make a proper investigation as to the fitness and competency of the operator(s) of the waterfall tour that were to be used to guide passengers like Plaintiff down a series of waterfalls and pools; and b) failing to investigate whether others had been injured during substantially similar excursions ran by Chukka Caribbean Adventures before selecting, hiring or retaining Chukka Caribbean Adventures.

49. In the alternative, NCL knew of some or all of the foregoing conditions alleged above; that NCL received complaints from previous passengers about incompetent and/or unfit operation and/or the safety of Chukka Caribbean Adventure's waterfall tours; and/or; that NCL was told by its passenger(s) that they suffered injuries during the waterfall tour operated by Chukka Caribbean Adventures and that NCL failed to timely investigate complaints and/or injuries to other

excursion participants previous to the subject incident and as a consequence failed to terminate the subject excursion and/or failed to warn cruise participants like Plaintiff of known dangers.

50. As a direct and proximate result of NCL's failures to properly investigate Chukka Caribbean Adventures and the operation of the waterfall excursion tour, or in the alternative, in investigating the excursion having learned of some or all of the deficiencies in the operation of the excursion as hereinbefore alleged and selected, hired or retained the tour operator, NCL was negligent and failed to use reasonable care in the circumstances in selecting and hiring the independent contractor Chukka Caribbean Adventures to provide the waterfall excursion to Plaintiff.

51. At all times material, the dangerous conditions on the tour existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant failed to reasonably inquire into the competency of the shore excursion operator prior to selection of the tour operator and/or Defendant had actual knowledge of the incompetency of the shore excursion operator hereinbefore alleged to have caused or contributed to causing Plaintiffs injury and/or the incompetency of the shore excursion operator hereinbefore alleged to have caused or contributed to causing Plaintiffs injury existed for a sufficient period of time prior to selection that Defendant had constructive knowledge of the incompetency.

52. As a direct and proximate result of Defendant's negligent selection and hiring of an independent contractor, the Plaintiff went on the excursion and Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future

53. As a result of Chukka Caribbean Adventure's unfit and/or incompetent operation of the waterfall excursion tour, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

WHEREFORE, Plaintiff demands judgment against NCL for all compensatory damages suffered as a result of the of the Defendant's negligence together with all taxable court costs and pre and post judgment interest.

## COUNT IV-NEGLIGENT RETENTION OF EXCURSION TOUR OPERATOR AGAINST NCL

54. Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

55. NCL owes its passengers, including Plaintiff, the legal duty to exercise reasonable care which includes not offering and/or discontinue advertised excursions operated by tour companies who are unfit and/or incompetent.

56. NCL breached its legal duty by offering and selling a waterfall excursion tour operated by Chukka Caribbean Adventures to Plaintiff when, prior to Plaintiffs injury

   a. Other NCL cruise passengers were injured due to Chukka Caribbean Adventure's negligence in operating waterfall excursion tours;

   b. NCL received complaints from previous passengers about incompetent and/or unfit operation and/or the safety of Chukka Caribbean Adventure's waterfall excursion tours; and/or;

   c. NCL was told by its passenger(s) that they suffered injuries during the waterfall excursion tour operated by Chukka Caribbean Tours, and/or;

   d. NCL failed to timely investigate complaints and/or injuries to other excursion participants previous to the subject incident and as a consequence failed to terminate the subject excursion and/or failed to warn cruise participants of known dangers.

57. NCL knew of Chukka Caribbean Adventure's unfitness and/or incompetence but continued to offer and sell excursions operated by that company to Plaintiff.

58. As a result of Chukka Caribbean Adventure's unfit and/or incompetent operation of the waterfall excursion tour, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

WHEREFORE, Plaintiff demands judgment against NCL for all compensatory damages suffered as a result of the of the Defendant's negligence together with all taxable court costs and pre and post judgment interest.

## COUNT V-NEGLIGENT FAILURE TO WARN

59. Plaintiff reavers and realleges paragraphs 1-28 as if set forth herein.

60. Defendant owed Plaintiff a duty to warn him of dangers which were foreseeable where Plaintiff was expected to visit on his cruise, in this case, the dangers and deficiencies of the Chukka Caribbean Adventures' waterfall excursion tour.

61. The dangers of which Defendant either was aware of or should have been aware of and that Plaintiff could not discover through the exercise of reasonable care included the fact that the tour guides on the waterfall excursion tour were not properly trained or supervised and that serious injury was possibly or likely to occur on this tour excursion due to the failures of the tour operator to properly train and/or supervise the tour guides and the nature of the tour itself.

62. In addition or in the alternative hereto, Defendant failed to warn Plaintiff that it either had no idea about the safety of the tour because it had failed to make a reasonable investigation of the tour or, having made such an investigation, learned that the tour was unsafe for one or more of the reasons hereinbefore alleged.

63.     Had NCL warned Plaintiff of the conditions of the tour and the lack of supervision of the tour guides, Plaintiff would not have taken the tour and would not have been seriously and permanently injured.

64.     As a result of NCL's failure to warn Plaintiff of the dangers of the waterfall excursion tour, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment. Plaintiff's injuries are permanent and all or some of his damages will continue into the future.

WHEREFORE, Plaintiff demands judgment against NCL for all compensatory damages suffered as a result of the Defendant's negligence together with all taxable court costs and pre and post judgment interest.

Dated this 26th Day of April, 2023.

                HOFFMAN LAW FIRM
                2881 East Oakland Park Boulevard
                Fort Lauderdale, FL 33306
                Telephone:  (954) 707-5040

By:  */s/ Paul M. Hoffman, Esq.*
      PAUL M. HOFFMAN, ESQ.
      Florida Bar No.: 0279897